IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAVERT ROBERSON, JR., #890786, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-4948-O-BK |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
|     Respondent. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge.  Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons that follow, it is recommended that this successive habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit.

I.  BACKGROUND

Petitioner was convicted of aggravated robbery with a deadly weapon and sentenced to 75 years imprisonment.  *State v. Roberson*, No. F99-00337 (204th Dist. Court, Dallas County, 2000), *aff'd*, *Roberson v. State*, No. 05-99-01263-CR (Tex. App.--Dallas, 2001, pet. ref.).  Subsequently, Petitioner unsuccessfully challenged his conviction in state and federal habeas proceedings.  *Ex parte Roberson*, No. WR-53,029-02 (Tex. Crim. App. 2002) (denying state application); *Roberson v. Cockrell*, No. 3:03-CV-0262-M, 2003 WL 22887957 (N.D. Tex. Aug. 15, 2003), accepting recommendation, 2003 WL 22888786 (N.D. Tex., Dec. 5, 2003) (denying federal petition), *certificate of appealability denied*, No. 04-10018 (5th Cir. Jul 27, 2004); *Ex*

*parte Roberson*, No. WR-53,029-03 (Tex. Crim. App. Nov. 14, 2012) (dismissing state application as successive).

By this action, Petitioner again seeks to contest his conviction for aggravated robbery. (Doc. 3 at 2.) He alleges denial of "a meaningful direct and habeas corpus appeal" and newly discovered evidence. *Id.* at 6-9.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b).  In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2).  Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order

authorizing this Court to consider the successive petition in this case. Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, this section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit Court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the successive habeas petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

SIGNED January 7, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE